UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD E. SINGLETON,<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>KEN CLARK, Warden,<br><br>　　　　　　　　　　Respondent. | Civil No.　09cv471 LAB (CAB)<br><br>**REPORT AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br>**[Doc. No. 6.]** |

## I.  INTRODUCTION

Petitioner Chad E. Singleton, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  On May 4, 2009, Respondent moved to dismiss the Petition as untimely.  Petitioner did not file an opposition.  Having considered the motion and the relevant legal authority, this Court recommends the motion be **GRANTED** and the Petition be **DISMISSED WITH PREJUDICE** as untimely.

## II.  BACKGROUND

On March 29, 2004, Petitioner pled guilty to reckless driving to evade an officer, in violation of Vehicle Code section 2800.2(a), and resisting an executive officer, in violation of Penal Code section 69. (Clerk's Transcript at 40.)  Petitioner also admitted three prior strikes and two prior prison terms.  (CT at 40.)  On January 4, 2005, Petitioner was sentenced to a total term of 25 years to life.  (Augmented CT at 1-17.)

///

On July 15, 2005, Petitioner's appointed counsel filed a no-issue brief in the California Court of Appeal, Fourth Appellate District, Division One, pursuant to *People v. Wende*, 25 Cal. 3d 436 (Cal. 1979), and *Anders v. California*, 386 U.S. 738 (1967). (Lodgment No. 3.) The state appellate court invited Petitioner to file a brief on his own behalf, but he did not. (Lodgment No. 4 at 2.) The state appellate court denied the appeal and affirmed the judgment on September 27, 2005. (*Id.* at 3.) Petitioner did not file a direct appeal with the California Supreme Court.

On March 16, 2007, Petitioner filed a state petition for writ of habeas corpus in San Diego County Superior Court. (Lodgment No. 9.) Petitioner claimed both his trial and appellate counsel were ineffective and that his guilty plea was invalid because he was mentally impaired. The Superior Court denied the petition on April 13, 2007. (Lodgment No. 10.) On August 13, 2007, Petitioner filed a state habeas petition in the California Court of Appeal, in which he raised the same grounds for relief. (Lodgment No. 5.) The Court of Appeal denied the petition on November 14, 2007. (Lodgment No. 6.) On March 17, 2008, Petitioner filed a state habeas petition in the California Supreme Court, which presented the same grounds for relief as in the earlier petitions. (Lodgment No. 7.) The California Supreme Court summarily denied the petition on August 20, 2008. (Lodgment No. 8.)

Petitioner constructively filed the instant federal petition on March 2, 2009. On May 4, 2009, Respondent moved to dismiss the Petition as untimely. Petitioner did not file an opposition.

### III. DISCUSSION

Respondent argues the Petition should be dismissed because it is barred by the applicable statute of limitations. Because this case was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." Courts have strictly construed AEDPA's one-year limitations period. *See Lattimore v. Dubois*, 311 F.3d 46, 53-54 (1st Cir. 2002) (reversing the district court's decision to give the petitioner a "grace period" and dismissing a habeas petition as untimely when it was submitted one day late); *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002) (stating "[w]e have consistently denied tolling even where the petition was only a few days late"); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)

(finding a habeas petition submitted one day late was properly dismissed as untimely). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The California Court of Appeal affirmed Petitioner's conviction on September 27, 2005. Petitioner did not petition the California Supreme Court for review, and his conviction became final forty days later, on November 7, 2005.[1] Petitioner, therefore, had one year from that date to file a federal habeas petition. *See Evans v. Chavis*, 546 U.S. 189, 200 (2006). Petitioner did not constructively file the instant federal petition until March 2, 2009, far in excess of the § 2244(d) one-year statute of limitations. Accordingly, the Petition is time-barred. The time bar precludes this Court's review of the merits of the habeas corpus petition, unless the statute of limitations is subject to statutory or equitable tolling.

**A.    Statutory Tolling**

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 22 U.S.C. § 2244(d)(2). An application for post-conviction review is pending "in the absence of undue delay," while a California petitioner "complete[s] a full round of [state] collateral review." *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). However, once AEDPA's one-year limitations

///

---

[1] The fortieth day was in fact a Sunday, November 6, 2005, so we consider the next day, November 7, 2005, as the day Petitioner's conviction became final. *See* Fed. R. Civ. P. 6(a)(3).

period has expired, the filing of a state habeas petition does not revive the limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Here, the statute of limitations began running on November 7, 2005, and expired on November 8, 2006. *See* Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time). Petitioner's first state habeas petition was constructively filed on March 7, 2007. (Lodgment 9.) Thus, by the time Petitioner's first state petition was filed, the limitations period had already ended approximately four months earlier. Petitioner does not provide any information or documents to indicate that any other collateral review was sought. As a result, the limitations period is not entitled to statutory tolling.

**B.  Equitable Tolling**

Equitable tolling of the AEDPA statute is only appropriate when there are "'extraordinary circumstances' beyond the prisoner's control that made it impossible to file a petition on time." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (citations omitted). "External forces," not a petitioner's "lack of diligence" must account for his failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The burden is on the petitioner to demonstrate equitable tolling is appropriate. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Here, Petitioner has not asserted any basis for equitable tolling of the limitations period in the Petition and he did not submit an opposition to Respondent's motion to dismiss. Therefore, Petitioner has failed to carry his burden of demonstrating that equitable tolling of the limitations period is warranted.

## IV.  CONCLUSION

Having reviewed the matter, the undersigned Magistrate Judge recommends Respondent's motion be **GRANTED** and the Petition be **DISMISSED WITH PREJUDICE** for violating the limitations period of 28 U.S.C. § 2244(d). This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **July 6, 2009**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

1  **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and
2  served on all parties no later than **July 16, 2009**.
3  **IT IS SO ORDERED**.

5  DATED: June 4, 2009

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge