1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11 CHAD E. SINGLETON,

CASE NO. 09cv0471-LAB (CAB)

12                                    Petitioner,

**ORDER DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL AND ADOPTING REPORT AND RECOMMENDATION**

13      vs.

14

KEN CLARK, Warden, et al.,

15                                                          [Dkt. Nos. 6, 11, 15]

16                                    Respondents.

17

18 **I.      Introduction**

19        Petitioner, a prisoner in state custody, brought a petition for writ of habeas corpus (the

20 "Petition") in this Court pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(b) and

21 Civil Local Rule 72.1(c) and (d), the Petition was referred to Magistrate Judge Cathy Ann

22 Bencivengo for a report and recommendation.

23        Respondent moved to dismiss the Petition on the grounds it is untimely.  Petitioner

24 filed no responsive pleading.  On June 4, 2009 Judge Bencivengo issued her report and

25 recommendation (the "R&R"), which recommended that Respondent's motion to dismiss be

26 granted.  Again, Petitioner filed no responsive pleading.  Petitioner has, however, twice filed

27 a request for the appointment of counsel, one of which is still pending.

28 / / /

## II.    Legal Standards

A district court has jurisdiction to review a Magistrate Judge's report and recommendation concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  In other words, "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Because Petitioner is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## III.    Petitioner's Request for Counsel

Petitioner has twice asked that counsel be appointed to assist him with the Petition. His first request came on May 28, 2009, in a letter to the Clerk of the Court.  Petitioner represented he was blind and paraplegic, and unable to read, write, and even understand his case.

Judge Bencivengo denied that request, without prejudice, shortly before issuing the R&R.  She noted that Petitioner presented no evidence of his disabilities, appeared able enough to articulate his claims and organize his filings, and faced a motion to dismiss his Petition as untimely anyway.

The Court rejected as improper filings two subsequent requests for counsel filed by Petitioner on July 10, 2009, a little over one month after Judge Bencivengo denied his initial request.  On October 8, 2009, Plaintiff again filed a motion for the appointment of counsel, which the Court accepted.   In this motion, which appears meager compared to those rejected by the Court in July, Petitioner merely declares in typed text that he cannot afford counsel, and in handwritten text "I'm blind and in a wheel. also."  The Court can discern from

1  one of the rejected motions that Petitioner purported to have medical exhibits, but he did not

2  submit those with his motion for the appointment of counsel that the Court ultimately

3  accepted.

4       The Sixth Amendment right to counsel does not extend to federal habeas corpus

5  actions by state prisoners. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  However,

6  financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain

7  representation whenever the Court "determines that the interests of justice so require."  18

8  U.S.C. § 3006A(a)(2)(B).  In the Ninth Circuit specifically, "[i]ndigent state prisoners applying

9  for habeas relief are not entitled to appointed counsel unless the circumstances of a

10  particular case indicate that appointed counsel is necessary to prevent due process

11  violations." *Chaney*, 801 F.2d at 1996.  The appointment of counsel may be necessary if the

12  petitioner has such limited education that he or she is incapable of presenting his or her

13  claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970).

14       When Judge Bencivengo denied Petitioner's first request for counsel, she noted he

15  "has filed *pro se* habeas petitions in all three state courts, as well as his *pro se* initiation of

16  the present action in this Court, and his filings are fairly organized and present the issues

17  and arguments with adequate clarity and efficiency."  While all Petitioner has filed in this

18  case is the Petition, a motion to proceed *in forma pauperis*, and two requests for counsel,

19  the Court sees no evidence that Petitioner is unable to present and articulate his claims.

20  While Petitioner alleges he is blind, no doubt a serious impairment, he provides no evidence.

21  The Court is already obliged to construe Petitioner's claims liberally, *Knaubert v. Goldsmith*,

22  791 F.2d 722, 729 (9th Cir. 1986), and the fact that Petitioner first requested counsel almost

23  three months after he filed his Petition, and after Respondent moved to dismiss it, lead the

24  Court to further doubt that the appointment of counsel is appropriate in this case.

25       Petitioner's motion for the appointment of counsel is **DENIED**.

26  **IV.   Timeliness of Petition**

27       The R&R recommends that Respondent's motion to dismiss the Petition be granted

28  because it is untimely.  Petitioner filed no objection to the R&R, and the Court, having

1  reviewed the R&R, finds that it thoroughly considered the timeliness of the Petition and
2  correctly concluded it was untimely.

3       Pursuant to 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an
4  application for a writ of habeas corpus by a person in custody pursuant to the judgment of
5  a State court."  The limitation runs, in this case, from the date on which the judgment
6  became final, which the R&R explains was November 7, 2005.  Petitioner did not file the
7  Petition, however, until March 2, 2009, which is 3 years and almost 4 months after his
8  judgment became final – and 2 years and almost 4 months past the deadline set by §
9  2244(d)(1)).

10       Petitioner did file a state habeas petition on March 7, 2007, which would typically
11  entitle him to statutory tolling (at least while it is pending), but by this time the period of
12  limitation on his federal habeas petition had already expired.  Unfortunately, "section 2244(d)
13  does not permit the reinitiation of the limitations period that has ended before the state
14  petition was filed."  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

15       Equitable tolling of a limitation period is appropriate when there are "extraordinary
16  circumstances beyond the prisoner's control that made it impossible to file a petition on
17  time," *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).  Petitioner has asserted no
18  basis for equitable tolling, nor does the Court see one.

19       Respondent's motion to dismiss the Petition is **GRANTED**, and the Petition is
20  dismissed with prejudice for violating the limitation period of 28 U.S.C. § 2244(d).

21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

**V.    Conclusion**

Petitioner's request for counsel is **DENIED**, and the Court **ADOPTS** the R&R. Respondent's motion to dismiss the Petition is **GRANTED**, and the Petition is dismissed with prejudice on the grounds it is untimely.

**IT IS SO ORDERED**.

DATED: October 17, 2009

HONORABLE LARRY ALAN BURNS
United States District Judge

09cv0471