1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   CHAD E. SINGLETON,                          CASE NO. 09cv0471-LAB (CAB)

12                              Petitioner,       **ORDER ON PETITIONER'S**
                                                  **APPLICATION FOR A**
         vs.                                      **CERTIFICATE OF**
13                                                **APPEALABILITY**

14   KEN CLARK, Warden, et al.,

15                              Respondents.

16

17

18   **I.    Background**

19          Singleton filed his habeas petition on March 2, 2009.  (Doc. No. 1.)  Respondents

20   moved to dismiss the petition on May 4, 2009, on the ground that it was untimely.  (Doc. No.

21   6.)  Over three weeks later, in a letter sent to the Clerk of the Court, Singleton asked that a

22   lawyer be appointed to him.  (Doc. No. 9.)  He represented that he had a disability covered

23   by the ADA ("Blind, Paraplegic") and was unable to read and write, or, for that matter,

24   understand the essentials of his case.  Magistrate Judge Bencivengo denied Singleton's

25   request, without prejudice.  (Doc. No. 10.)  Judge Bencivengo found no evidence that

26   Singleton suffered from the disabilities alleged.  She also noted that Singleton's *pro se*

27   habeas petitions in state and federal court "are fairly organized and present the issues and

28   arguments with adequate clarity and efficiency," which cut against his claim that he needed

the help of a lawyer to seek habeas relief.  Finally, Judge Bencivengo indicated that the likelihood of Singleton succeeding on the merits of his petition was unclear given its apparent untimeliness.

Judge Bencivengo issued her Report and Recommendation ("R&R") on June 4, 2009, suggesting that Singleton's habeas petition be dismissed because it was untimely. (Doc. No. 11.)  The Court adopted the R&R on October 19, 2009. (Doc. No. 16.)  While the R&R was pending, Singleton submitted multiple requests for counsel to the Court, only one of which was accepted for filing.  (Doc. Nos. 12–15.)  In its order adopting the R&R, the Court addressed and denied Singleton's request:

> While all Petitioner has filed in this case is the Petition, a motion to proceed *in forma pauperis*, and two requests for counsel, the Court sees no evidence that Petitioner is unable to present and articulate his claims.  While Petitioner alleges he is blind, no doubt a serious impairment, he provides no evidence.  The Court is already obliged to construe Petitioner's claims liberally . . . and the fact that Petitioner first requested counsel almost three months after he filed his Petition, and after Respondent moved to dismiss it, lead the Court to further doubt that the appointment of counsel is appropriate in this case.

Singleton filed an Application for Certificate of Appealability on December 7, 2009. (Doc. No. 20.)  On December 18, 2009, he filed medical exhibits confirming that he is, in fact, blind and disabled.  (Doc. No. 23.)  This was the first time the Court had seen this evidence.

Rather than rule right away on his Application, the Court decided to revisit the question, in light of the received evidence, whether Singleton should be appointed counsel. (Doc. No. 24.)  The Court subsequently granted Singleton's request for counsel, but only for the specific purpose of assisting Singleton with his Application for Certificate of Appealability:

> There appears, however, to be no good cause for Petitioner's delay in filing his federal habeas petition, even taking his disabilities into account, and the Court strongly agrees with the R&R's conclusion, which it adopted, that the petition is time-barred.  Appointed counsel is therefore limited to assisting Petitioner with his Application for a Certificate of Appealability. Petitioner did not object to the R&R and the Court is not appointing counsel so that he may do so.

In other words, the Court wasn't inclined to rewind the proceedings and appoint counsel retroactively, giving Singleton an opportunity to object to the R&R after the Court had already

1   adopted it.  It was enough, in the Court's judgment, to appoint Singleton a lawyer going

2   forward, for the purpose of seeking a Certificate of Appealability.

3        Attorney Vicki Marolt Buchanan was appointed to represent Singleton on February

4   11, 2010, and she filed an Application for Certificate of Appealability on March 30, 2010.

5   **II.    Singleton's Application for COA**

6        Following Singleton's lead in the Application he filed by himself, the Application

7   drafted by Buchanan focuses exclusively on the question whether the Court's decision not

8   to appoint counsel to Singleton at an earlier time is appealable.  Neither Singleton's

9   Application nor the Application drafted by Buchanan address the substantive question at

10  issue with his petition, which is whether it was filed within the statute of limitations.  At best,

11  Buchanan touches on the issue tangentially by suggesting, "In all likelihood, his blindness

12  may have prevented him from timely filing petitions in the state court and in such a

13  circumstance, he may have been able to argue equitable tolling."

14  **III.   Discussion**

15       Singleton's conviction in state court became final on November 7, 2005.  He therefore

16  had until November 8, 2006 to file his habeas petition.  Instead, he filed that petition on

17  March 2, 2009 — nearly two years and four months too late.  Singleton did file a habeas

18  petition in state court on March 16, 2007, but by then the statute of limitations for his federal

19  petition had already run.  Singleton also waited six months from the time his petition in state

20  court was denied until he filed his petition in federal court.  He is not entitled to statutory

21  tolling, and there is no evidence that he is entitled to equitable tolling; that was the core of

22  the R&R and it is why the Court ultimately dismissed his petition.

23       It is also the issue the Court expected that Singleton's Application for Certificate of

24  Appealability would address head-on.  Even though the Court was unwilling to receive an

25  opposition brief to the R&R after it had already adopted the R&R, it was willing to consider

26  whether a Certificate should be granted on the Court's finding that Singleton's petition was

27  untimely.  Frankly, the question of whether previous requests for counsel should have been

28  granted is a distraction.  First, the Court has accepted that Singleton is severely disabled

1    and, out of an abundance of caution, has appointed a lawyer to assist him.  Second, the

2    merits of Singleton's petition don't depend on whether the Court was wrong to deny his initial

3    requests for counsel; the merits depend on whether he can make out a case that he is

4    entitled to equitable tolling.  Third, the Court denied Singleton's initial requests for counsel

5    for a perfectly good reason: his pleadings were legible and intelligible and there was no

6    evidence that he was disabled.[1]  It is true that the pleadings he's submitted obviously contain

7    the handwriting of different people, as his latest Application notes, but habeas petitioners

8    and other incarcerated *pro se* litigants routinely have their friends or more knowledgeable

9    people help them pursue judicial relief.  That is hardly an indication that they are entitled to

10   appointed counsel lest due process violations or some other injustice result.  Finally, the

11   Court notes that the offense for which Singleton is now incarcerated is reckless driving to

12   evade a police officer.  It is sensible to wonder, as the Court does, whether someone is in

13   fact blind and paraplegic due to a gunshot wound sustained in 1993 if, in May of 2003, he

14   led the police on a car chase (and successfully fled on foot); perhaps his condition has

15   worsened dramatically since he has been in custody.  It is also sensible to wonder whether

16   the following language from the probation report, relating to Singleton's instant offense, is

17   suggestive of a habeas petitioner who is fundamentally incapable of presenting his claims,

18   and therefore deserving of a lawyer.  *See Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir.

19   1970).

20                  This officer was not impressed with the defendant during the
                    probation interview.  He basically maintained his innocence,
21                  stating the instant offense only rose to the level of a
                    misdemeanor violation.    The defendant was extremely
22                  manipulative, pulling out all the stops to mitigate his criminal
                    behavior to avoid a Life term.  He blamed the instant offense on
23                  his mother's death, his depression, and the fact the people at
                    state parole did not provide him with grief counseling.
24

25   _____

26        [1]  The Court is open to the possibility that one of the requests for counsel that it
     rejected for filing (Doc. Nos. 12–13) may have contained medical records with proof of
27   Singleton's disability.  Assuming so, the Court concedes the mistake now and nothing is to
     be gained from appealing its initial denial of counsel to the Ninth Circuit.  The Court also
28   admits, its attention having been drawn to it by Buchanan, that a probation report contains
     evidence that Singleton is largely blind and "now has trouble walking."  Lodgement 1, at
     pages 15–16.

(Lodgment 1, p. 17.)  This is the description of someone who is familiar with legal argument and terms and capable of deploying both to his advantage.  It is the description of someone, too, who can appreciate the legal consequences of his actions.  It is not the description of someone who must be appointed a lawyer in order to seek habeas relief in this Court.  But what's done is done.  Singleton has a lawyer now, and what the Court would like to hear from that lawyer is whether there's another side to the timeliness of Singleton's habeas petition such that an appeal to the Ninth Circuit is warranted.

### IV.    Conclusion

Singleton has 30 days from the date this order is entered to file an amended Application.  A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The pleading must focus exclusively on the question whether, contrary to the R&R's conclusion and the Court's holding, Singleton's petition is time-barred.  Specifically: Could a reasonable jurist, faced with the record in this case, draw the conclusion that Singleton is entitled to equitable tolling for the habeas petition now before the Court?

**IT IS SO ORDERED**.

DATED:  May 27, 2010

**HONORABLE LARRY ALAN BURNS**
United States District Judge