# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD E. SINGLETON,<br><br>                Petitioner,<br>vs.<br><br>KEN CLARK, Warden, et al.,<br><br>                Respondents. | CASE NO. 09cv0471-LAB (CAB)<br><br>**ORDER GRANTING APPLICATION FOR CERTIFICATE OF APPEALABILITY** |

      Singleton filed a habeas petition pursuant to 28 U.S.C. § 2254 on March 9, 2009. Magistrate Judge Bencivengo issued a Report and Recommendation ("R&R") on June 4, 2009 recommending that the petition be denied. The Court adopted the R&R on October 19, 2009. Now pending is Singleton's Application for Certificate of Appealability ("COA"), which a district or circuit judge must grant before he can appeal the denial of his habeas petition to the Ninth Circuit. 28 U.S.C. § 2253(c)(1)(A). The Court has appointed counsel to assist Singleton with his Application out of an abundance of caution, and this is the second Application counsel has submitted.

**A.    Legal Standard**

      A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A petitioner doesn't have to show that he should prevail on the merits. "He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). At the same time, the Court shouldn't issue a COA as a matter of course. A petitioner "must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." *Miller-El*, 537 U.S. at 337–38 (citing *Barefoot*, 463 U.S. at 893).

**B.    Discussion**

There is no dispute that Singleton's petition was untimely. The question is whether his blindness and paraplegia — of which the Court had no proof until Singleton filed his first Application — entitle him to equitable tolling. The Court has already expressed some skepticism about Singleton's alleged infirmities. The offense for which he's in custody is reckless driving to evade an officer in 2003, and a probation report represents that Singleton drove through his own front yard and then fled, successfully, on foot. It also represents that as officers approached his house the following day, he jumped over a fence in his backyard and initiated another chase. (*See* Lodgment 2, p. 10.) Those aren't the moves of a blind paraplegic who sustained a gunshot wound to the head in 1993. Singleton's story, however, is that he never fled on foot following the car pursuit, but that he "hobbled/limped with the aid of his medically prescribed walking cane" and that officers did not pursue him. (Doc. No. 32, p. 7.) While that's consistent with having paraplegia, it's just not very believable.

The medical evidence Singleton has presented, however, is unimpeachable, at least by the Court. It clearly states that a gunshot wound he sustained in 1993 left him blind and paraplegic, and that his paraplegia has been exacerbated by spina bifida. (Doc. No. 23, Ex. 1; Lodgment 1, pp. 7–8.) Moreover, Singleton is demonstrably unable to write, requiring the assistance of either fellow prisoners or a library assistant – although this is true of many prisoners who aren't disabled. (*See* Doc. No. 9.) If Singleton's physical status is in fact what //

medical records indicate, perhaps there's cause to question the account of his offense contained in the probation report.

The Court has already adopted the R&R on the finding that Singleton's petition is untimely and that he isn't entitled to equitable tolling. Any evidence to the contrary wasn't received until after Singleton's petition had been dismissed. Therefore, out of an abundance of caution, the Court **GRANTS** Singleton's request for a certificate of appealability. The appellate court may determine whether, on the evidence that Singleton is disabled, he is entitled to have his habeas petition adjudicated on the merits. Ms. Buchanan, as appointed counsel, may continue to assist Singleton with his appeal.

**IT IS SO ORDERED**.

DATED: July 19, 2010

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge